UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD EUGENE JOHNSON,

    Plaintiff,

v.                                                  Case No. 8:23-cv-8-TPB-JSS

CHIEF JUSTICE, State of Florida, *et al.*,

    Defendants.
_____/

## O R D E R

Johnson filed a civil rights complaint but neither paid the required filing fee nor moved for leave to proceed *in forma pauperis*. Consequently, this action is reviewed as if Johnson moves for leave to proceed *in forma pauperis*. Johnson is barred from proceeding *in forma pauperis* because the Prison Litigation Reform Act ("PLRA") amends 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"[F]ederal courts in this circuit may properly count as strikes lawsuits or appeals dismissed as frivolous, malicious or failing to state a claim upon which relief may be granted," including actions dismissed before the PLRA. *Rivera v. Allin*, 144 F.3d 719, 732 (11th Cir. 1988), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Johnson's actions that qualify as a "strike" under Section 1915(g) include Johnson v. Nocco, 8:21-cv-232-MSS-AEP; Johnson v. Pasco County Detention Center, 8:20-cv-2752-TPB-AEP; Johnson v. Fitschen, 8:20-cv-3016-SDM-AEP; and Johnson v. McKelvy, 5:03-cv-35-WTH-GRJ.

The present civil rights complaint comprises a series of intemperate and fanciful allegations against individuals who are not named as a defendant, and the complaint alleges no fact against any named defendant. Because he has had three or more dismissals that qualify under Section 1915(g) and because he is asserts no fact that he is under imminent danger of serious physical injury, Johnson is not entitled to proceed *in forma pauperis*. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("The purpose of the PLRA is to curtail abusive prisoner litigation."). This preclusion against proceeding *in forma pauperis* is without regard to the merits of the present civil rights complaint. Johnson may initiate a new civil rights action by both filing a civil rights complaint and paying the $402.00 filing fee.

The complaint (Doc. 1) is **DISMISSED** under 28 U.S.C. 1915(g) and without prejudice to a new action, a new case number, and the payment of the $402.00 filing fee. The clerk must **CLOSE** this case.

ORDERED in Tampa, Florida, on _____1/9_____, 2023.

THOMAS P. BARBER
UNITED STATES DISTRICT JUDGE